The first case is United States v. Jackson. Good morning, Your Honors. John Ballas on behalf of the appellant, Vincent Jackson, I'm intending to try to save about two minutes for rebuttal. I'm intending to focus my argument today on the first issue in my brief, which is whether the district court erred in failing to order a new pre-sentence report on the sentencing. And the history was that Mr. Jackson's first appeal was reversed for a full resentencing, not just an amyline remand. When we went back for resentencing, I requested the issuance of a new pre-sentence report because while the case was on appeal, the Supreme Court issued the Booker decision. Well, I don't know if you exactly did that. This is my problem with your position. You seem to have asked that in the alternative. Your request was I want a new pre-sentence report or in the alternative, I want 45 days to do A, B, and C. Now, I don't think you're saying you made a mistake because you didn't choose A. Isn't that what you're saying? No. I don't think that is, and I don't think the record supports that. Well, look at your request. What does it say? Isn't it in the alternative? I filed a motion that just requested a new pre-sentence report and a full pre-sentence schedule. Well, your motion, though, is in the alternative. You're not answering my question. Your motion is in the alternative. No, it's not. The reply brief, when I respond to the government's argument as a fallback position, I also requested in the alternative. Well, just a minute. Look at the motion, Defendant Vincent Jackson's motion that says I want a new PSR alternatively, I want 45 days. That's exactly what it says. Alternatively means I want one or the other. Now, when you tell a judge I want A or B and he gives you one of those, I don't see how there can be error. If you look at the motion, which is on somewhere else. I'm looking at the motion. Look at the very bottom of page 1. Where are we looking? On the excerpt page. Let's see. This is the 111. No, no, no, no. It's the supplemental excerpt page 1, right, to the motion is. And don't you say you want one or the other? That's my fallback position, Your Honor. But if you read the entire motion So you got your fallback position. So how can there be error if you got what you asked for? I think all the time you argue for one sentence and the judge denies that request for a sentence. You say if you're not going to give me that sentence, at least give me a lesser sentence, at least give me a different sentence, an alternative sentence. That does not mean that you're not forcefully positioning the first request. And if you look at that motion and you look at the reply brief, the entire argument is asking for a new pre-sentence report. Even in the conclusion of it, all I state is that for the above stated reasons, Defendant Vincent Jackson moves the court for preparation of a new pre-sentence report and a full PSI schedule before sentencing. That was my request. That was the whole gist and grunt of it. And as we do every day as criminal defense attorneys, when if our request is denied, we make an alternative request. And the Court did grant that request. When it comes down to the merits of the issue, it is essentially this is a case where I think we have both policy and case law on my side. In terms of policy, I think it's important for probation officers to be able to have an input into the pre-sentence process. Their job in preparing a report is to act as a neutral advisor to the court, both in preparing, giving the court information that could be determined independently, gathered independently from the parties, as well as also commenting and giving recommendations on the positions that the parties present. And in this case, we didn't have that after the pre-sentence. What new information did you think you were going to get, or do you now contend you would have gotten had a new PSR been prepared? Well, I mean, one thing is that the probation officers have a better view on what's going on in the district-wide in terms of other cases. They also have a better sense of kind of how guidelines are being found by different courts and different issues. Would there have been more or different information about this particular defendant? I mean, we don't really know that because we haven't had the court we didn't have the we weren't able to have that opportunity. Well, he's your defendant. I mean, he's your client. So tell us what you I mean, what I'm after is what's the harm? And until you can persuade me that something else might have been in that report about this particular defendant, I'm having trouble going as far as you want us to go. Well, I mean, the two things, I mean, we presented some information in the court about his background, for instance, that lack of family guidance as a child. He grew up without a father, talked about his obsessions in terms of a gambling addiction that he had, a number of things. Those are the types of things that sometimes the probation department could look at, gather additional information, present it to the court, as well as also commenting on the information that we're presenting. Now, I confess I skimmed the PSR. That was the gambling addiction was not in the PSR before? My recollection was that it was. I'm sorry, say that again. His gambling. My recollection is that was in the PSR. Well, he said that he had a gambling problem. Yeah. There was some information. But at the time, we were in the departure system. So the court had to look at all the evidence, all the information, presented it to it under the really strict, you know, departures. Now, a lot of this, the probation officer could have reasonably determined at the time, there's no reason to look into this further. Because it's not going to get anywhere. There's no way gambling could be a departure. Yeah. You mentioned case law. What case law do you have that says that the district judge has to provide for a new PSR? The Ninth Circuit's Turner decision, I think, is very analogous. Now, granted, it's not the exact same situation. But in Turner, the pre-sentence report was prepared for the defendant's bank robbery case, and he was sentenced on bank robbery. Before his sentence was completed, he was he escaped by walking away from the facility. In that case, they prepared they did not prepare a new pre-sentence report. The judge used the old pre-sentence report, as well as a two-page summary of the escape, and as well as a new guideline calculation report. And this Court reversed and vacated the sentence because the district court failed to use a new pre-sentence report at the second sentencing. And I think that's exactly the same situation as we have here. The district court had the initial pre-sentence report. It did not have a new pre-sentence report. And the circumstances we have here are even stronger than in Turner because of the sea change in the law that resulted as a result of Booker and the important role that probation officers can now do after Booker in not only having to look at the guidelines and the factors under the guidelines, but also all the 3553A factors. I'm going to save my remaining time for rebuttal. May it please the Court. Phil Talbert for the United States. Addressing the pre-sentence report investigation argument, a new pre-sentence report was not required on resentencing by Rule 32. There's nothing new. And how does this case differ from Turner? Well, Turner was a new escape case, and the district court used the pre-sentence report from an earlier case involving the defendant. Rule 32 speaks in mandatory terms with respect to preparation of a pre-sentence report before sentencing in a case. In Tucker, there was no pre-sentence report prepared by a probation officer, no pre-sentence investigation conducted relative to that crime of escape. And in Tucker, it was particularly important because the Rule 32 has some mandatory items that are required in a pre-sentence report, one of those being circumstances that affected the defendant's behavior. This is what the Tucker court focused on in its decision that here we had a defendant who had escaped from prison approximately 11 days before the end of his eight-year sentence that he was serving. And if there was anything that would be important to the court's decision on sentencing that would be in that pre-sentence report, most assuredly would be any circumstances that surrounded that escape. That was not covered by the pre-sentence report because there was no pre-sentence report prepared in that particular case. The other cases cited in the government's brief regarding resentencings have not found it mandatory under Rule 32 that a new pre-sentence report be prepared. That's left to the discretion of the district judge. I invite the court's attention to the Treisman case out of the Sixth Circuit, which the government cites at page 33 of its brief. There the district judge, five years after sentencing the defendant, vacated the sentence on a 2241 petition and resentenced the defendant using the existing pre-sentence report along with supplementation from the parties. That's precisely what happened in this case, where the judge in this case, a little less than three years after sentencing, used the same pre-sentence report prepared for this case, allowed supplementation by the parties, briefing any argument, and then made the decision based on that. So I think the Treisman case and the other cases cited in the government's brief involving resentencings are much closer to this case and did not involve a requirement of a new pre-sentence report. As I said, there's nothing in the text of Rule 32 that requires a new pre-sentence report on a resentencing. Here, the pre-sentence report that was existing in the case was sufficient. The defendant didn't explain what it was in particular and doesn't explain today what it is in particular that should have been in that. Am I correct that the district court gave him an opportunity to argue whatever additional material he wanted to argue that he felt should be taken into account in a new pre-sentence report? Yes. And in fact, the defendant took that opportunity and filed a resentencing memo. This was a case in which, and obviously a very substantial period of incarceration that this judge, following a trial at which this judge presided, gave a very substantial sentence. And so this judge took care on resentencing in giving the parties sufficient time. I believe it was 45 days was the period for the defendant to submit any additional materials or information to the court regarding the resentencing, the government a chance to respond, and the defendant a chance to reply to that. And then there was a hearing at which the judge heard argument both on the, and considered the briefing both on the sentencing guidelines calculations, started all over again with respect to sentencing guidelines calculations, and then considered the 3553A factors. And in the transcript of the sentencing, a reading of that shows that the district judge took very seriously and understood correctly that the sentencing guidelines were to be calculated correctly first, and then that they were only a starting point at that point, and then any information regarding 3553A factors was to be And not only does the defendant not explain what it was that was missing from that equation, given that he had the opportunity to provide any information that he wanted to the court and took that opportunity, but a careful review of Rule 32 shows that Rule 32 doesn't require that the probation officer include in the pre-sentence report 3553A factor information. Although typically that sort of information will be even before Booker was contained in the pre-sentence report at portion. So in response to Judge Fletcher's question about whether gambling was in the pre-sentence report, the pre-sentence report noted the testimony at trial by several witnesses that Jackson had engaged in gambling on a regular basis. That's the pre-sentence report, paragraph 76. The district court also heard that testimony at trial. And in fact, at excerpts of record 26, during the sentencing hearing, the district court assumed that that gambling testimony was true, that Jackson had a gambling problem and took that into account in his application, 3553A factors. But Rule 32, when it speaks to the information in the pre-sentence report regarding 3553A factors, that was language added after Booker in a recent 2007 amendment that says that information under those factors should be or must be included as the court requires. So it puts it in the district court's discretion to require the probation officer to put that sort of information in the report. It's not something that's required of the district court that the pre-sentence report have that in there. And in fact, the advisory notes to that 2007 amendment make it clear that while the district court can require that, it's not mandatory. Here. Kennedy. I just meant, when you say the district court can require that, you mean require what? The district court can require, under the Rule 32 in the advisory committee note, can require the probation officer, either in a particular case, a class of cases, or in all cases, to include information in the pre-sentence report that addresses specifically the 3553A factors. Is that the major point at issue on re-sentencing the 35, whether the district court previously had to, you know, consider the 3553A factors? Is that the big difference at re-sentencing? Well, this the sentence originally was vacated because there had been an objection as to the judge finding drug quantity. Right. This was pre-Booker. And so it was preserved error. And this Court vacated for a complete re-sentencing. And so on re-sentencing, the district court did go back and redo the sentencing guideline calculations, and then considered the 3553A factors. 32 doesn't, you know, specifically address re-sentencing, which is what this is. But it does say that the court, you know, must get a pre-sentence report before it imposes a sentence, right? Yes. And presumably that applies at re-sentencing. Now, there is the exception that says, one of the exceptions is, if the court finds that the information in the records enables it meaningfully to exercise its authority in the 3553. Now, did the district court make some kind of finding in this case along those lines? The district court gave a one-liner saying it would not be helpful in this case. And the government is cognizant of the Tucker language, Tucker case language, which says that strict compliance is required with Rule 32. And in Tucker, the court pointed to the earlier Whitworth case in which there was some expansive discussion of why it was, in that case, a new pre-sentence report was not required. Here, there's nothing in Rule 32 that suggests that the original pre-sentence report somehow doesn't qualify as a pre-sentence report. It contained all the information that was required by Rule 32. It was prepared in this case as to this defendant. Let me ask you this, as a matter of practice, now that we're in the current sentencing regime, I'm not sure what sentencing regime we're going to have next year, but under the current sentencing regime, have the PSRs changed in order to facilitate the district judge's consideration fully of the 3553 factors? Well, the pre-sentence reports have now included a subsection F, and this is referred to by the defendant in his brief, which addresses the 3553A factors. That can run from a recitation of the factors, a block quote from the statute, plus a little discussion for a page or a couple pages of how those factors might be applied to the facts found by the probation officer. As mentioned, the probation officer in this case already found many of those facts, and that information is in the pre-sentence report, and presumably, had there been a new pre-sentence report ordered by the district court in this case, she would have applied those. In this case, in particular, a new pre-sentence report didn't make much sense, because the defendant, at his initial sentencing, refused to assist the probation officer in the investigation. And so the pre-sentence report in several places indicates that no further information is available, because the defendant would not sign a waiver for this or that or provide a waiver. No, but you don't know whether he would have cooperated the second time. Well, he didn't offer to cooperate in his brief. Okay. You have future time. Thank you. Thank you. The second time around, he did have a more cooperative attorney. I was representing him. I think if you look at Rule 32, as well as the probation manual section that's in the brief, it's clear that every pre-sentence report I've seen now has a section on 3553A factors, and I think it's required under the rules, or at least it's being done in every single case. This is a case where the defendant was sentenced to life. It was a mandatory minimum sentence of only 10 years. There was lots of room and lots of availability for 3553A factors to reduce the sentence. The district court Judge Levy at the time, who's now retired, in fact, said that he was thinking about going down to the lower sentence. He moved on to what he thought were greener pastures. He thought the sentence, he was thinking about a lower sentence. I think it's a little bit unfair for me to say, ask what the pre-sentence officer, probation officer, could present here, because part of my argument is they can come up with independent ideas based on their own analysis, expertise, experience, that I can't. And then, so that's part of it. And the second part of it is that I presented information such as a overstated criminal history, the lack of family guidance as a child, as well as his age and the reduced rate of recidivism as people get older. Those are all different types of factors that probation officers typically comment on and can give recommendations to the judge that may have swayed the judge to give a lower sentence in this case. So there was a so what's the standard here? He used his discretion in not ordering a new pre-sentence report when there was nothing that you can think of that would have been new, and we have a very overburdened probation and pretrial department anyway. I mean, I think we have to recognize that as well. It's not. I mean, first of all, it's for them to comment on all the different factors that I presented and give a recommendation. And that recommendation may sway the judge. And then second, under the rule and under the probation manual, it's required for them to do a new pre-sentence report is my position. Okay. And how do we review the does the district court have discretion to decide that one is not necessary? Yes. A little unclear. Turner did not state the standard of review. The government cited a case, Dattaru, that said that compliance with Rule 32 is de I think it was a case that had to do with 2255 motions that had abuse of discretion. Yes. Okay. Thank you. Thank you. The case just argued is submitted for decision.
judges: Schroeder, Tashima, Fletcher